IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRUZER, LLC § | | |
|     Plaintiff § | | |
| § | Case No.  4:16-cv-03169 | |
| v. § | | |
| § | | |
| RIVCO PRODUCTS, INC. § | | |
|     Defendant § | | |

## COMPLAINT

Plaintiff, KRUZER, LLC, complains of RIVCO PRODUCTS, INC., and for cause of action respectfully shows as follows:

### PARTIES

1. Plaintiff **Kruzer, LLC** is a Mississippi corporation with its principal office in Nettleton, Mississippi.

2. Defendant **Rivco Products, Inc.** is a Wisconsin corporation with its principal office in Burlington, Wisconsin.  It may be served by serving its registered agent for service of process, Richard V. Colano at 440 S. Pine St., Burlington, Wisconsin 53105-2237.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claims arise under federal laws relating to patents and unfair competition.

4. This Court has personal jurisdiction over the Defendant because it transacts business in the state of Texas, including offering for use and sale the infringing products within

the state of Texas, and specifically within the geographical boundaries of the Southern District of Texas. Specifically, Defendant knowingly distributes its products to retailers located in Texas and within the Southern District of Texas, which are in turn sold to end users.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendant is subject to personal jurisdiction in this judicial district, the Defendant regularly conducts business in the state of Texas and within this judicial district, and because complained acts of patent infringement have been committed by Defendant within this judicial district.

## FACTS

6. Plaintiff, Kruzer, LLP, has the exclusive, worldwide license to make, use and sell products under the following United States Patent, to grant sub-licenses under the patent, and to enforce the patent against third party infringement:

| No. | Title | Date Issued |
|---|---|---|
| 6,942,131 | Beverage Holder for a Motorcycle Handlebar or the Like | Sep 13, 2005 |

This patent discloses improvements to technology that allows the apparatus to be mounted and removed from the motorcycle (or other application) without removing the beverage can from the container.

7. Plaintiff is the manufacturer and distributor of usefully designed beverage holder which, in practice, is used primarily on motorcycles, but which can also be used in other applications. The market has readily accepted this uniquely designed product.

8. The Defendant Rivco is a manufacturer of after-market motorcycle accessories. It was formerly a distributor of Plaintiff's product covered by the '131 patent, and has recently begun manufacturing and selling similar products which infringe the patent.

9. Defendant makes, uses and sells, or attempts to make, use, sell, or otherwise provide throughout the United States and within the geographical area covered by the United States District Court for the Southern District of Texas, products which utilize the technology described by claims in the '131 patent. Specifically, the Defendants infringing products include, but are not limited to, the product marketed as a "switch mount cup holder" part no. CH800. Defendant sells and offers to sell its goods, including the accused product, throughout the United States through a dealer network which includes 600 dealers who stock Defendant's products. Specifically, for example, the retailer Motorcycles Unlimited located in Houston, Texas is a part of that dealer network, and it offers to sell, and does sell the accused product.

## CLAIM FOR INFRINGEMENT OF THE '131 PATENT

10. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth below.

11. On September 13, 2005, the '131 Patent was issued describing technology for beverage holder for use on a motorcycle, or similar application, designed such that holder can be mounted on and removed from the system without removing the beverage from the holder. Plaintiff owned the patent throughout the period of the defendant's infringing acts.

12. The defendants have infringed and '131 patent by making, selling and using similar products which embody the patented invention.

13. The Defendant offered for sale or use, or sold or used these products without license or authority from the Plaintiff.

14. Plaintiff alleges upon information and belief that the acts of infringement by the defendants are willful, making this an exceptional case under 35 U.S.C. § 285.

15. Upon information and belief, Plaintiff further alleges that the actions of the Defendant have resulted in substantial lost profits to the Plaintiff, and substantial unjust profit and enrichment to the Defendant, all in amounts yet to be determined.

## DAMAGES

16. Because of Defendant's infringement, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of such damages and such extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Plaintiff seeks recovery of damages for lost profits, reasonable royalties, unjust enrichment, and benefits received by the Defendant as a result of using the misappropriated technology. Plaintiff seeks any other damages to which they may be entitled in law or in equity.

17. Defendant's infringement was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights. Plaintiff is therefore entitled to, and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEY FEES

18. Plaintiff is entitled to recover reasonable and necessary attorney's fees under applicable law.

## CONDITIONS PRECEDENT

19. All conditions precedent to plaintiffs' right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

20.   Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kruzer, LLC asks that Defendant, Rivco Products, Inc., be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant for the following:

- a.   Actual economic damages;
- b.   Exemplary treble damages as allowed by law;
- c.   Permanent injunction;
- d.   Attorney fees;
- e.   Pre-judgment and post-judgment interest as allowed by law;
- f.   Costs of suit; and
- g.   All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
W. Shawn Staples ▪ Tx Bar No. 00788457
Stanley Frank & Rose
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
wsstaples@stanleylaw.com
Attorneys for Plaintiff,
KRUZER, LLC